In re J.K. **CHEMICALS, INC., Debtor.**

**Edward E.V. D'AGOSTINO,
Trustee, Plaintiff,**

**v.**

**Jerome KAPLAN, Defendant.**

**Bankruptcy No. 8000418.
Adv. No. 820314.**

United States Bankruptcy Court,
D. Rhode Island.

Nov. 30, 1989.

**12**

See also, Bkrtcy., 67 B.R. 104.

Richard M. Peirce, Roberts, Carroll, Feldstein & Tucker, Providence, R.I., for plaintiff.

David A. Schechter, Providence, R.I., for defendant.

## DECISION AND ORDER DENYING MOTION TO RECONSIDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on August 29 and September 20, 1989, on the defendant, Jerome Kaplan's, Motion to Reconsider and/or Suspend our Order dated February 2, 1988, wherein Kaplan was ordered to pay the Trustee two hundred dollars ($200) per week in satisfaction of a judgment previously entered by this Court in the amount of two hundred thirty seven thousand, seven hundred twelve dollars ($237,712).[1] The Trustee objects to any modification of the February 2,

1988 order, and further, seeks to compel Kaplan's compliance with the order, which has gone unsatisfied since October 31, 1988.

In support of the Motion, Kaplan argues that his financial, health, and physical condition, have all deteriorated to the point that he is unable to comply with the terms of the February 1988 Order. In support, Kaplan introduced testimony of his long time accountant, George Tashjian, who commented on financial records provided by the debtor, including Kaplan's tax returns and bank statements. In addition, Kaplan's treating physician for many years, Jacob Stone, M.D., testified concerning Kaplan's medical condition, which includes a history of mild diabetes dating back to 1970, and arteriosclerotic heart disease which was first diagnosed in March, 1983.

At the conclusion of the evidentiary hearing, the parties were given two weeks to file memoranda in support of their respective positions. Only the Trustee's counsel has responded. Based upon the record, and also on what we find to be a careful and accurate analysis of the evidence by the Trustee, we agree with and adopt as our own, and incorporate herein by reference, the reasons given by the Trustee in his written opposition to Kaplan's request for modification of our February 2, 1988 Order. It is our conclusion that Jerome Kaplan's testimony is no more credible now than it has been in the past. Specifically, we find that the evidence did not establish that Kaplan's physical condition has changed significantly since the hearing which resulted in the $200 per week order, and that modification of said order is not justified at this time. In addition, the financial documentation in evidence demonstrates that Kaplan's earning capacity,[2] as well as the monthly deposits into his checking account, have not materially changed since the prior hearing.

---

1. In addition to the $237,712 judgment, interest accrues at the rate of 13.61% from July 7, 1982.

2. After reviewing his tax returns for 1987 and 1988, we find a glaring disparity between Kaplan's gross income and his taxable income, and

have particular difficulty with many deductions for business and travel expenses and charitable contributions, which appear grossly excessive, given his huge financial obligations.

Accordingly, for the reasons stated above, Kaplan's Motion to Reconsider and/or Suspend or February 2, 1988 Order is DENIED.

Enter Judgment accordingly.

